CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 10 2007

JOHN F. CORCORAN, CLERK
BY:
        DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal Action No. 5:04CR00025 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| WAVERLY JERMAINE JORDAN, ) | By: Hon. Glen E. Conrad |
| ) | United States District Judge |
| Defendant. ) | |

On December 12, 2005, the defendant was sentenced to a total term of imprisonment of 282 months for conspiring to distribute cocaine base, in violation of 21 U.S.C. § 846, and possessing a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c). The case is presently before the court on the defendant's pro se motion for reduction of sentence.

"A district court is authorized to modify a defendant's sentence only in specified instances where Congress has expressly granted the court the jurisdiction to do so." United States v. Blackwell, 81 F.3d 945, 947 (10th Cir. 1996). Congress has granted such authority in three limited circumstances: (1) upon motion by the Director of the Federal Bureau of Prisons, if the court finds that "extraordinary and compelling reasons" are present or the defendant is at least seventy years old and has served at least thirty years in prison; (2) when expressly permitted by Rule 35 of the Federal Rules of Criminal Procedure; and (3) when the defendant's applicable sentencing guideline range has been subsequently lowered by the Sentencing Commission. 18 U.S.C. § 3582(c).

To support the instant motion, the defendant relies on Rule 35(b) of the Federal Rules of Criminal Procedure, essentially arguing that he has provided substantial assistance to the government. However, the court may only reduce a defendant's sentence under Rule 35(b), upon the government's motion. See Fed. R. Crim. P. 35(b). In this case, no motion for reduction of sentence has been filed. Likewise, no other circumstances outlined in 18 U.S.C. § 3582(c) are present. Accordingly, the court lacks the authority to reduce the defendant's sentence at this time.

To the extent the defendant's motion could be construed as a motion to compel the government to file a Rule 35(b) motion, such motion must also be denied. The United States Supreme Court has held that the government has "a power, not a duty, to file a motion when a defendant has substantially assisted," Wade v. United States, 504 U.S. 181, 185 (1992), and that "a claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy or even to discovery or an evidentiary hearing," Id. at 186. Instead, a defendant must make a "substantial threshold showing" of improper motive to warrant an evidentiary hearing. Id. Specifically, "unless the government's failure to file a substantial assistance motion is 'based on an unconstitutional motive,' such as racial or religious animus, or is 'not rationally related to any legitimate Government end,' district courts have no authority to review a prosecutor's refusal to file a substantial assistance motion and grant a remedy." United States v. Butler, 272 F.3d 683, 686 (4th Cir. 2001) (quoting Wade, 504 U.S. at 185-186).

Consequently, the defendant's allegations that he provided substantial assistance to the government do not entitle him to relief. Moreover, the defendant's assertion that his plea agreement required the government to file a substantial assistance motion is belied by the plea agreement. The defendant's plea agreement expressly provides that "the determination as to

2

whether or not [the defendant's] efforts constitute 'substantial assistance' will be solely within the discretion of the United States Attorney's Office." (Plea Ag. at p. 8.) Finally, the defendant does not even allege that the government's failure to file a Rule 35(b) motion was based on an improper motive. Accordingly, the defendant is not entitled to any relief.

For the reasons stated, the defendant's pro se motion for reduction of sentence will be denied. The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the defendant and all counsel of record.

ENTER: This 10th day of September, 2007.

/s/ Glen E. Conrad
United States District Judge

3