IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal Action No. 5:04-cr-025-1 |
| v. ) | |
| ) | By: Elizabeth K. Dillon |
| WAVERLY JERMAINE JORDAN ) | United States District Judge |

**MEMORANDUM OPINION**

Before the court is defendant Waverly Jermaine Jordan's motion for early termination of supervised release. (Dkt. No. 500.) The government filed a response on June 11, 2021, indicating that it does not oppose Jordan's motion. (Dkt. No. 504.) Neither party requested a hearing, and the court finds that a hearing is not necessary to resolve Jordan's motion, which will be granted.

I.  BACKGROUND

Jordan was indicted on December 22, 2004, for one count of conspiracy to distribute and possess with the intent to distribute 50 grams or more of cocaine, and one count of possessing a firearm in furtherance of a drug trafficking crime. Defendant was a distributor of cocaine hydrochloride and cocaine base in the Front Royal, Virginia area in 2002 and 2003. Defendant supplied and directed at least four other re-distributors of cocaine. (Presentence Report (PSR) ¶ 12.) He was observed with firearms throughout his drug distribution activity. In total, defendant was held responsible for distributing more than 1.5 kilograms of cocaine base. (PSR ¶ 20.)

At the time of defendant's sentencing, the Sentencing Guidelines called for a base offense level of 38. The PSR included a four-level enhancement for the defendant's leadership role. After acceptance of responsibility, defendant's offense level was 39. His criminal history category was I. His guideline range was 262–327 months, followed by 60 months for the gun

charge. The conspiracy charge carried a supervised release term of five years to life, and the firearms charge carried a maximum term of five years supervised release.

On December 12, 2005, defendant was sentenced to a total of 282 months, consisting of 222 months for conspiracy to distribute cocaine base and a consecutive 60 months for the firearm charge. The court imposed five years of supervised release on each count to run concurrently. In a minute entry, the court noted that it "believes that the calculations overstate the defendant's role in the offense" and the court varied downward to avoid sentencing disparities.

Defendant's sentence was subsequently reduced multiple times due to changes in the Sentencing Guidelines for cocaine base. The final reduction, on April 13, 2015, reduced defendant's total sentence to 181 months (121 months for conspiracy and 60 months for firearm possession). (Dkt. No. 491.)

Defendant was released from prison on February 20, 2018. Defendant has been on supervised release for more than three years. He is 44 years old.

## II.  ANALYSIS

Pursuant to 18 U.S.C. § 3583(e), a court may, after considering the factors set forth in 18 U.S.C. § 3553(a), terminate a term of supervised release at any time after the expiration of one year of supervised release if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice. As at sentencing, courts consider several factors, including the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence imposed to afford adequate deterrence, and the need to protect the public from further crimes of the defendant. 18 U.S.C. § 3553(a).

Courts have discretion whether to grant early termination of supervised release, even when the conditions for termination are met. *Folks v. United States*, 733 F. Supp. 2d 649, 651

(M.D.N.C. 2010). In addition, the inquiry is broader than the individual's conduct. *United States v. Pregent*, 190 F.3d 279, 282–83 (4th Cir. 1999). "Circumstances that justify early discharge have included exceptionally good behavior that makes the previously imposed term of supervised release 'either too harsh or inappropriately tailored to serve' general punishment goals." *Folks*, 733 F. Supp. 2d at 651 (quoting *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997)). Neither the passage of time nor full compliance with the terms of supervised release are sufficient bases to warrant early termination. *United States v. Ferris*, Case No. 5:14-CR-0008, 2021 WL 1588972, at *2 (W.D. Va. Apr. 22, 2021).

In support of his motion, Jordan states that while on probation, he has been continuously employed. Defendant has had his current job as a forklift operator at Ferguson Enterprises for about two and a half years. He has two young boys, ages one and two, and bought his first house almost two years ago. Jordan has always reported on time to probation. He has not been in any legal trouble and never failed a drug test. Counsel for the government spoke to defendant's probation officer, who confirmed Jordan's assertions about doing well on supervised release. Defendant has a home and a job and seems entirely focused on his family.

Jordan's offenses were serious, but defendant has paid the price with a lengthy sentence that cost him much of his young adulthood. At this point, Jordan has served that prison sentence in addition to more than half of the original term of supervised release. Fathering two children, holding a steady job, and buying a house while on supervised release are all worthy and notable accomplishments. The court finds that there is no longer a need to protect the public or to deter Jordan from committing further crimes through the ongoing imposition of release conditions. For these reasons, the court will grant Jordan's motion.

## III.  CONCLUSION

For the foregoing reasons, Jordan's motion for early termination of supervised release (Dkt. No. 500) will be granted.  The court will issue an appropriate order.

Entered: September 27, 2021.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge